**Wilma A. WEAVER, a Feme Sole, et al., Appellants,**

v.

**Joseph B. BRANDIN et ux., Appellees.**

No. 14613.

Court of Civil Appeals of Texas.

Houston.

Sept. 23, 1965.

Rehearing Denied Oct. 28, 1965.

Ted Musick, Houston, for appellants.

Simmons & Williams, Roy Simmons, Jr., Houston, for appellees.

BELL, Chief Justice.

Appellees sued appellants to cancel a deed of trust executed by Joseph B. Brandin to Wilma A. Weaver and also to cancel a deed to the described property given to Wilma A. Weaver after foreclosure by the substitute trustee. Appellees also sought in the suit $10,000.00 actual and punitive damages for the wrongful acts of Wilma A. Weaver in obtaining the deed of trust and the subsequent foreclosure.

Appellant, Wilma A. Weaver, by way of action over against appellees sought recovery of damages of unspecified amounts because of monies allegedly belonging to her that were allegedly wrongfully appropriated by Joseph Brandin. Too, she sought reasonable attorney's fees. The appellant who was the substitute trustee sought recovery of a reasonable attorney's fee and reimbursement for expenses.

Appellees filed their motion for summary judgment, supported by affidavits, asserting there was no genuine issue of material facts, except as to the amount of damages, if any, and asked that judgment be rendered cancelling the deed of trust and substitute trustee's deed.

Appellants answered the motion and the answer was supported by an alleged affidavit.

The court's judgment recites the motion for summary judgment came on to be heard and from a consideration of the motion, the exhibits and affidavits the court was of the view there was no genuine issue of any material fact "except as to the amount of damages, if any." The judgment then proceeds to cancel the deed of trust and substitute trustee's deed. There is then an adjudication "that all other affirmative relief sought by the respective parties is hereby denied." In view of this last quoted recital and the absence of any complaint of it by point of error or cross-point, we consider the judgment a final one resulting from the trial court having disposed of the issue of the validity of the deed of trust and trustee's deed on motion for summary judgment and the issues with regard to damages and attorney's fees having been determined on the facts and law after trial by the court.

The pleadings and properly drawn affidavits of appellees, the affidavits having attached certified copies of the material instruments, establish the following facts:

On May 11, 1962, Wilma A. Weaver, by general warranty deed, conveyed to Joseph B. Brandin Lot 22, Block 16, South Park Addition in Houston. The property was subject to a lien of $9,250.00 in favor of Holland Mortgage & Investment Corporation. The conveyance was made to Brandin in satisfaction of real estate commissions owed to him by Wilma A. Weaver. Brandin neither then nor thereafter owed any money to Wilma A. Weaver. A few days after this deed was executed and delivered, Mr. and Mrs. Brandin moved into the property and began occupying it as their homestead. They have continued to so occupy it and claim it. After the commencement of occupancy and on or about December 14, 1962, Wilma A. Weaver requested Mr. Brandin to execute the deed of trust "so that she could use same for tax purposes." The note for $500.00 recited in the deed of trust but not set out therein never existed and Brandin was not indebted to Weaver.

Brandin never appeared before a notary public and never acknowledged the deed of trust. Mrs. Brandin did not execute the deed of trust nor was she asked to. The deed of trust was back-dated to May 11, 1962, but was actually signed in December, 1962 and was filed for record December 14, 1962. Sale by the substitute trustee was made without any notice to the Brandins. Their first knowledge of the sale was in July, 1964, when they received a copy of the substitute trustee's deed to Wilma A. Weaver.

■ The above facts, if not properly controverted, support the trial court's judgment, rendered on motion for summary judgment. We have concluded there is no proper affidavit refuting the above facts supported by affidavit of appellees.

There is an alleged affidavit of Wilma A. Weaver. Nowhere in it is there a statement that she was personally familiar with the facts stated, and there is nothing otherwise reflecting that she is personally familiar with the facts. She recites she was one of the owners and managers of "Classic Realty Company at the time in question." Since she states she was one of the owners of the Realty Company and fails to state she handled the transaction personally, the affidavit fails to show she was personally acquainted with the facts so she could testify to the facts. Then follow statements that Brandin signed the deed of trust on May 11, 1962, before a notary public, that he did not sign the note for tax purposes but as a part of the consideration for the conveyance; that he refused to pay and she foreclosed through regular foreclosure proceedings. This is a pure conclusion that there was a regular foreclosure. Nowhere does a copy of any note appear.

■ To be sufficient the affidavit must in some way affirmatively show the affiant is personally familiar with the facts

so she could testify as a witness. In this the affidavit fails. Too, the matters sworn to must be facts that would be admissible in evidence. Wilma Weaver's affidavit is insufficient in this regard. Rule 166–A, Sec. (e), Texas Rules of Civil Procedure; Richards v. Smith, 239 S.W.2d 724 (Tex.Civ.App.), ref. n. r. e.; Hunt v. Southern Materials Co., 240 S.W.2d 400 (Tex.Civ. App.), refused; Edwards v. Williams, 291 S.W.2d 783 (Tex.Civ.App.); Mugrage v. Texas Emp. Ins. Ass'n, 304 S.W.2d 189 (Tex.Civ.App.), error dism.; Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex. Civ.App.), no writ hist.; Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274.

The judgment of the trial court is affirmed.