**Floyde HEATHINGTON, Appellant,**

v.

**HEATHINGTON LUMBER COMPANY,
Inc., et al., Appellees.**

No. 7729.

Court of Civil Appeals of Texas.

Amarillo.

July 3, 1967.

Rehearing Denied Sept. 11, 1967.

T. R. Odell, Lubbock, for appellant.

Aldridge, Aldridge & Harding, Sam Aldridge, Farwell, Pat Bobo, Muleshoe, for appellees.

NORTHCUTT, Justice.

The pleadings upon which plaintiff, appellant, Floyde Heathington, went to trial sought to establish himself as a partner in the lumber business in Muleshoe, Texas. The business was first named Heathington Cash Lumber Company and later changed to Heathington Lumber Company, Inc. He alleged the partnership was between himself and his older brother, Fairris Heathington, with the latter owning ⅔ interest and appellant a ⅓ interest. The lumber company having been incorporated in June of 1964, the suit was against the corporation, the surviving widow, Mrs. Hattie Faye Heathington, individually and as executrix of the estate of Fairris Heathington, deceased, Glena Heathington, individually and as guardian of minor heirs and other heirs unnecessary to mention. Appellant also sought an accounting of the partnership.

The defendants answered pleading that there was no partnership as alleged by the plaintiff and that there was at one time an executory agreement to become partners which agreement was never fulfilled by the plaintiff. Defendants further pleaded the four-year statute of limitation and that the joint venture or partnership that did exist had been dissolved and a winding up of the partnership business more than four years

prior to the institution of this suit and that any cause that plaintiff might have had was barred by the four-year statute of limitation. Defendants further demanded of the plaintiff to produce in court any facts, evidence of debt or any payments that he had showing or tending to show that he had proving an interest in the subject matter of this suit.

The case was tried to a jury upon special issues. In answer to the special issues the jury found that in the latter part of 1947 Fairris Heathington and Floyde Heathington agreed to associate as partners in the lumber business; that they did as partners open and conduct a lumber business and that they agreed that the plaintiff's proportionate share was ⅓; that the partnership was dissolved and such dissolution occurred more than four years before October 9, 1964, the date of filing of this suit; that there was a winding up of the partnership and that such winding up occurred more than four years before the filing of this suit; that Fairris Heathington furnished or caused to be furnished to Floyde Heathington a full and final accounting of the partnership affairs and was furnished more than four years before filing of this suit; that Fairris Heathington did not transfer any assets or property of the lumber business to Heathington Lumber Company, Inc. From that judgment plaintiff perfected this appeal. Hereafter the plaintiff will be referred to as appellant and the defendants as appellees.

This case was before this court once before (Heathington v. Heathington Lumber Company, 398 S.W.2d 822 [Tex.Civ.App.-Amarillo, 1966, no writ]). The trial court in the first trial dismissed the jury and rendered a take-nothing judgment against the plaintiff and he appealed and this court held that there were fact issues and the judgment was reversed. Here the jury has passed upon the issues and we think correctly so. There is no contention raised in this appeal as to there being insufficient evidence to sustain the findings of the jury. It is to be noticed that appellees in their

answer requested the appellant to show where he ever put any funds of any kind in the partnership. The appellant never attempted to show that he had ever placed any funds in the partnership. The record shows that Fairris and Floyde Heathington planned a partnership to consist of $12,000 on the basis of Fairris contributing ⅔ of that sum and Floyde ⅓.

The record shows that Fairris purchased and paid for all real estate used in the lumber business and the deed was made to him and not to Floyde. About the same time as the partnership was agreed on, January 5, 1948, a loan was secured from the First National Bank of Hale Center in the sum of $4,000. The note was signed by Fairris and Floyde. It was the contention of appellees this $4,000 was to represent Floyde's ⅓. In January of 1948 there was a credit to Floyde's capital account of $4,000. On July 16, 1948, Fairris from his own funds paid in full the $4,000 note. On January 1, 1949, Floyde's capital account was closed out and the $4,000 transferred to Fairris' capital account as shown by the books of the business, thereby showing the full capital account of the partnership in Fairris. The other capital that was credited to Floyde from his profits of 1948 was closed December 31, 1949, and he was notified and tendered his profits ending on December 31, 1949. It is stated in Howell v. Bowden, 368 S.W.2d 842 (Tex.Civ.App.-Dallas, 1963, writ ref'd n.r.e.) as follows:

"Rowley on Partnership, § 582 (1960 Ed.) says there are three steps in the termination of a partnership: (1) dissolution, (2) winding up and (3) termination and accounting. See also Jones v. Mitchell, Tex.Civ.App., 47 S.W.2d 371; 40 Am.Jur. 388, 393; 80 A.L.R. 15; 55 A.L.R.2d 1424."

The jury herein found that all three of those steps were complied with herein.

In May 1949 Floyde moved from Muleshoe to Lubbock and there is no evidence in this record that Floyde thereafter ever had any connection whatever with the Heathington Lumber Company or that he ever made any claim thereto until after Fairris died in August 1964.

Here we have findings of the jury and we think well justified under this record that the partnership was dissolved more than four years before filing of this suit; that there was a winding up of the affairs of such partnership; that such winding up occurred more than four years before the filing of this suit; that Fairris Heathington furnished or caused to be furnished to Floyde Heathington a full and final accounting of the partnership affairs and that such accounting was furnished more than four years before the filing of this suit. Since none of the assets of the partnership went into the lumber company incorporated the appellant would have no interest in the corporation. Even should it be considered that there was not a dissolution wind up of the partnership affairs and a full and final accounting as found by the jury, there is nothing in this record to indicate the partnership existed after 1949. We are of the opinion, and so hold, that any claim that appellant might have had as pleaded by him is and was barred by the four-year statute of limitation. Article 5527, Subdivision 3, Vernon's Tex.Civ.St.; Thompson v. Van Howeling, 49 S.W.2d 961 (Tex.Civ.App.-Amarillo, 1932, no writ); Hinkley v. Brewer, 274 S.W. 227 (Tex.Civ.App.-San Antonio, 1925, writ dism'd); Easley v. Clay, 16 S.W.2d 888 (Tex.Civ.App.-Fort Worth, 1929, writ dism'd).

Another interesting matter here is that Heathington Lumber Company, a corporation, was incorporated on June 11, 1964. In answer to Special Issue No. 5 the jury found that Fairris Heathington never transferred any assets or property of the lumber business to Heathington Lumber Company, Inc. No objection was made to the submission of such issue and the answer thereto is in no way contested here. There is nothing in this record to indicate or to prove that appellant ever furnished the $4,-

000 as pleaded by him that he was to furnish in establishing the original partnership. There is evidence Fairris and Floyde agreed to form a partnership and that Floyde did work for a while in the business and wrote some checks on the business's bank account, but from this record it is shown that all assets of the business were furnished by Fairris.

We have carefully considered each and all of the appellant's points of error and overrule all of them. Judgment of the trial court is affirmed.