**Kathryn Price MURFEE, Guardian, Appellant,**

v.

**O. H. OQUIN, Independent Executor et al., Appellees.**

**No. 7749.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 23, 1967.

Rehearing Denied Nov. 13, 1967.

Murfee, Hoover & Kraft, Houston, Richards & Ferguson, Dalhart, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey and Robert H. Smith, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a summary judgment matter. Appellant, Kathryn Price Murfee, Guardian of the person and estate of Bertie Noland Price, acting solely in her representative capacity brought suit for, among other things, a verified accounting of the Price & Price Insurance Agency. L. M. Price and son, W. N. Price, were partners in the business of Price & Price Insurance Agency. L. M. Price died October 4, 1955, and W. N. Price died October 4, 1964. Bertie Noland Price is the surviving widow of L. M. Price and the mother of W. N. Price.

Appellees, O. H. Oquin, Independent Executor under the will and of the estate of W. N. Price, Deceased, and J. A. Whittenburg III, the person to whom W. N. Price purportedly sold said insurance agency

on or about April 25, 1962, filed separate motions for summary judgment each contending that appellant's cause of action was barred by Article 5527, Texas Revised Civil Statutes, Vernon's Ann.Civ.St. The District Court sustained each of said appellees' motions for summary judgment and rendered judgment summarily in favor of each and severed said portion of the cause from the main suit. From that judgment appellant perfected this appeal.

As we view this matter the first and only issue necessary to be here determined is the sufficiency of the affidavits of W. J. Fellers and Helen Langhorne supporting the appellees' motions for summary judgment. The affidavit of W. J. Fellers omitting the formal parts is as follows:

"I am over the age of twenty-one (21) years, am of sound mind, have never been convicted of any crime or offense and have personal knowledge of every statement herein made and am otherwise fully competent to testify to the matters stated herein.

"For several years prior to October 4, 1955, L. M. Price, Deceased, and his son, W. N. Price, Deceased, were partners in the transaction of business of Price and Price Insurance Agency of Stratford, Sherman County, Texas. On said date, October 4, 1955, L. M. Price died. Thereafter the said W. N. Price, Deceased, operated the business known as Price and Price Insurance Agency as a sole proprietorship; said partnership existing between the said L. M. Price and W. N. Price terminated on said date. By October 4, 1956, all debts of the partnership known as Price and Price Insurance Agency had been paid in full, all collectible accounts receivable had been collected, and the winding up of business of said partnership had been completed."

The affidavit of Helen Langhorne is as follows:

"I am over the age of twenty-one (21) years, am of sound mind, have never

been convicted of any crime or offense and have personal knowledge of every statement herein made and am otherwise fully competent to testify to the matters stated herein:

"For several years prior to October 4, 1955, L. M. Price, Deceased, and his son, W. N. Price, Deceased, were partners in the transaction of business of Price and Price Insurance Agency of Stratford, Sherman County, Texas. On said date, October 4, 1955, L. M. Price died. Thereafter the said W. N. Price, Deceased, operated the business known as Price and Price Insurance Agency as a sole proprietorship; said partnership existing between the said L. M. Price and W. N. Price terminated on said date."

It is appellees' contention that since the affidavits state that affiants state they had personal knowledge of every statement therein made and were otherwise fully competent to testify to the matters stated in the affidavits, that that was sufficient. It is appellant's contention as presented by her first point of error that the affidavits are not sufficient in that the statements were not so worded that if given on the witness stand they would be admissible as evidence without showing as to how they could possibly have such knowledge except by hearsay and that such affidavits should be stricken as set out in appellant's motion to strike the affidavits. In other words, how did affiants learn or know of such facts? In the case of Weaver v. Brandin, 394 S.W. 2d 709 (Tex.Civ.App.–Houston, 1965, writ dism'd) it is stated:

"To be sufficient the affidavit must in some way affirmatively show the affiant is personally familiar with the facts so she could testify as a witness. In this the affidavit fails. Too, the matters sworn to must be facts that would be admissible in evidence. Wilma Weaver's affidavit is insufficient in this regard. Rule 166–A, Sec. (e), Texas Rules of Civil Procedure; Richards v. Smith, 239 S.W.2d 724 (Tex. Civ.App.) ref. n. r. e.; Hunt v. Southern

Materials Co., 240 S.W.2d 400 (Tex.Civ. App.), refused; Edwards v. Williams, 291 S.W.2d 783 (Tex.Civ.App.); Mugrage v. Texas Emp. Ins. Ass'n, 304 S.W.2d 189 (Tex.Civ.App.), error dism.; Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex. Civ.App.), no writ hist.; Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274."

In the case of Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958) it is stated: "The summary judgment rule, Rule 166–A, Texas Rules of Civil Procedure, provides that affidavits must be made by *competent affiants* with personal knowledge of the statements in them, which statements must be worded that if given on the witness stand they would be admissible as evidence." (Emphasis ours).

The affidavits here involved state they have personal knowledge of every statement therein made and that they were otherwise fully competent to testify to the matters stated therein but there is nothing to show how they learned or knew of the facts. There is nothing to show they handled any of the matters or were in any position to know any facts they were making affidavits to establish.

Rule 166–A(e) provides as to the affidavits as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

This provision clearly shows that the mere statement that affiant has personal knowledge of every statement made is not sufficient because it is further provided: " * * * and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The statements made by affiants that they were competent to testify to the matters stated are nothing more than conclusions of affiants. There must be something in the affidavits to show affirmatively what makes the affiant

competent to testify. A reading of the affidavits makes it obvious that the statements are not so worded that if given on the witness stand they would be admissible in evidence. The affidavits would not be admissible without showing as to how affiants could possibly have such knowledge except by hearsay. Tobin v. Garcia, supra; Gaines v. Hamman, 163 Tex. 618, 358 S.W. 2d 557 (1962); Heien v. Crabtree, 364 S.W. 2d 271 (Tex.Civ.App.–Amarillo, 1962, affirmed 369 S.W.2d 28). It is stated in Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961) as follows:

"'Secondly, appellant's affidavit in support of its motion for summary judgment is fatally defective in that it does not allege that it was made on the personal knowledge of the affiant, nor does it show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit, *both of which showings are required by Rule 166–A,* § (e). Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W.2d 797; Anderson v. Hake, Tex.Civ.App., 300 S.W.2d 663; Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783; Richards v. Smith, Tex. Civ.App., 239 S.W.2d 724. And thirdly appellant's motion is based on a conclusion of law. Munoz v. Heights Savings & Loan Assn., Tex.Civ.App., 319 S.W.2d 945; Farmers State Bank v. First State Bank of Liberty, Tex.Civ.App., 317 S.W. 2d 768; Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W.2d 797.'"

One of the affidavits states that the winding up of the business of said partnership had been completed and the other affidavit states that the partnership terminated. There is no showing in any manner that an accounting was ever had. It is stated in Howell v. Bowden, 368 S.W.2d 842 at 847 (Tex.Civ.App.–Dallas, 1963, writ ref'd n. r. e.) as follows:

"Appellant claims the partnership was dissolved March 15, 1960. But he overlooks the winding up period, which certainly lasted at least until May 11, 1960

when the receiver was appointed. Dissolution does not terminate a partnership. The relationship continues during the winding up period. This is especially true when one of the parties is still in charge of the business. He occupies a fiduciary relationship to the other partner until the winding up of the partnership affairs is complete.

"Rowley on Partnership, § 582 (1960 Ed.) says there are three steps in the termination of a partnership: (1) dissolution, (2) winding up and (3) termination and accounting. See also Jones v. Mitchell, Tex.Civ.App., 47 S.W.2d 371; 40 Am.Jur. 388, 393; 80 A.L.R. 15; 55 A.L.R.2d 1424."

We sustain appellant's first point of error. Judgment of the trial court is reversed and the case is remanded to the trial court.