Dorothy A. ROSS, Appellant,

v.

Linda M. WALSH, Appellee.

No. A2758.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1982.

Randall C. Elkins, Thomson & Elkins, Houston, for appellant.

W. B. Edwards, Houston, for appellee.

Before PAUL PRESSLER, MORSE and JAMES, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a verdict which dissolved a partnership under Article 6132b, § 32 of the Texas Revised Civil Statutes. Appellant filed suit seeking a court ordered dissolution of Dottie Ross & Associates, Realtors, a determination of the value of the partnership and of each partner's share and actual and exemplary damages of $60,000 against appellee. Appellee counterclaimed, alleging a breach of the partnership agreement by appellant and seeking actual and exemplary damages of $70,000. Trial was before the court without a jury. After hearing evidence the court appointed an appraiser to determine the value of the partnership and of each partner's share. At a later hearing, the court found that the partnership agreement provided for ninety (90) days notice before dissolution, and that, therefore, appellant's attempted dissolution of the partnership on May 24, 1978 was not effective until the following August 24. The court also found the value of appellee's share of the partnership to be $25,000 at the effective date of dissolution. Appellant was awarded the right to continue the busi-

ness under the name of Dottie Ross & Associates, Realtors, and both sides were denied damages. Appellant raises two points of error on appeal and appellee joins with two crosspoints. We overrule all claims of error and affirm.

The parties entered into an agreement on August 17, 1977 to form a business partnership for real estate sales. The initial investment in the partnership was $3,000.00; appellant contributing $1650.00 and appellee $1350.00. It was agreed that all net profits or losses would be divided between the partners with 55% to appellant and to 45% to appellee. The partnership agreement also provided that either partner could withdraw from the partnership by giving the other partner ninety (90) days written notice. Upon the dissolution of the partnership the business would be concluded, the assets liquidated and any surplus divided equally after payment of debts.

Shortly after the formation of the partnership, the parties began to experience differences that affected the operation of the business. These problems grew and on May 24, 1978, appellant formally gave appellee notice of dissolution of the partnership. Appellant continued to occupy the premises of the partnership and carry on the real estate business under the same name, refusing appellee access to the premises. Appellant continued to operate the business through the time of the trial and all other dates important to this suit.

■ In her first point of error, appellant claims the trial court erred as a matter of law in holding that the partnership was dissolved on August 24, 1978. Appellant maintains that every partnership can be terminated at the will of any partner, and, that therefore, the court erred in finding the dissolution was effective on August 24 rather than on May 24. It is unnecessary for us to consider appellant's argument because the date of dissolution was immaterial in settling the affairs of the partnership. The basic common law rule adopted by this State is that the act of dissolution does not terminate a partnership relationship. Section 30 of the Texas Uniform Partnership Act, Article 6132b provides:

On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

Therefore, a partnership continues through the winding up and accounting periods. *Boyd v. Leasing Associates Incorporated*, 516 S.W.2d 485, 488 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Dissolution is only one step in the process of concluding a partnership agreement; winding up, termination and accounting are the other necessary steps. *Heathington v. Heathington Lumber Company*, 420 S.W.2d 252, 254 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Jones v. Mitchell*, 47 S.W.2d 371 (Tex.Civ.App.—Dallas 1932, writ ref'd). Even the case relied on by appellant, *Woodruff v. Bryant*, 558 S.W.2d 535, 539 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.), affirms this proposition:

[D]issolution does not necessarily terminate the partnership business. Even if the partnership is to be discontinued, the partnership continues to exist, at least for the limited purpose of winding up. (citations omitted) It is only upon termination that the final partnership relationship ceases to exist.

Appellee, as the ousted partner, continued to have an interest in the partnership business conducted during the winding up process and in all outstanding accounts after the appellant's notice on May 24. That appellant may have mistakenly operated the business for her own benefit "as an individual, not as a partner" during this period makes no difference. Appellant owed a fiduciary duty to appellee for the business conducted during this period.

Dissolution does not terminate a partnership. The relationship continues during the winding up period. This is especially true when one of the parties is still in charge of the business. He occupies a fiduciary relationship to the other partner until the winding up of the partnership affairs is complete.

*Howell v. Bowden*, 368 S.W.2d 428, 478 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r. e.).

Section 21 specifically extends the fiduciary duties owed by one partner to another to transactions connected with the partnership business during the period of winding up the partnership business and liquidating the partnership assets. *Woodruff*, at 542. If the trial court erred in finding the date of dissolution to be August 24, 1978, such error was harmless. This point is overruled.

■ In her second point of error appellant contends that the trial court erred in denying her motion to examine the court appointed appraiser and that the appraiser's report was hearsay. Appellant claims that the appointment of the appraiser had the affect of making him the court's expert witness. Appellant argues that it was error to deny her the opportunity to cross examine the appraiser since the court received evidence from this "expert" and this evidence was the sole basis for determining the value of appellee's interest in the partnership. We disagree. The appraiser served at the pleasure and discretion of the court and his report was for the court's information and benefit. He cannot, therefore, be considered an expert witness. Counsel are not privy to a judge's private notes or personal research. Appellant would hardly demand this right of cross examination if the judge had taken it upon himself to do the compilation rather than to appoint an independent appraiser. The appraiser was not subject to cross examination. Since the appraiser's report was prepared for the sole use of the court and was never introduced into evidence, it cannot be hearsay. See: 1A Ray, *Law of Evidence*, § 781, p. 2.

■ The judgment does not reflect how the $25,000 figure was calculated or determined. While it is possible that this amount was based on the appraiser's report, there is no evidence of that fact and any argument to that effect is mere surmise. There is ample evidence in the record, however, to support the judgment aside from the appraiser's report. Prior to this suit, appellee was offered $20,000 for her interest in the partnership by appellant's counsel. Appellee testified she offered to sell her interest to appellant for $35,000 to $45,000. Expert witnesses for both parties basically agreed that the value of the partnership equaled the agency's net earnings for one year. This would give a value of slightly under $70,000. Appellee's 45 percent interest in such an amount would be approximately $30,000. Therefore, even if it had been error for the court to deny appellant's motion to examine the appraiser, it would have been harmless.

■ It is well settled in this state that appellate courts must affirm the judgment of a trial court on any theory of law applicable to the case whether the trial court gives the correct legal reasoning for the judgment or not. *Pope v. American National Insurance Company*, 443 S.W.2d 377, 381 (Tex.Civ.App.—Tyler 1969, writ ref'd n.r.e.). Error in rendering judgment is considered harmless if there is any valid theory to support it. *Frankfurt v. Wilson*, 353 S.W.2d 490, 492 (Tex.Civ.App.—Dallas 1961, no writ). See: *Searle-Taylor Machinery Co. v. Executive Car Leasing Co.*, 477 S.W.2d 696 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); Tex.R.Civ.Pro. 434. We find no error by the court in appointing an appraiser and accepting his report. This point of error is overruled.

■ Appellee contends in her first cross point that the trial court erred in not including the stipulated amount of appellee's equity in the partnership in its money award. Appellee claims a $6,701.71 amount was to be stipulated at the commencement of the trial, and this amount was later increased to $7900. This equity, appellee asserts, covered her interest in the office furniture and equipment and the lease of the building. We disagree. This alleged stipulation, as it appears in the record, was never signed by the appellant. Therefore, there was no effective stipulation. For us to find that appellee deserves an additional $7900 equity would necessitate our rewriting the judgment and holding that the $25,000 represented recovery for damages only. The trial court specifically denied both parties' requests for damages and found that appellee's interest in the partnership was $25,000. By implication this includes appellee's entire equity.

Appellee's second cross point complains the trial court erred in not awarding her recovery for costs. Appellee directs our attention to Rules 131 and 141 of the Texas Rules of Civil Procedure which provide that a successful party shall recover all costs incurred in the suit from his adversary, and that a court can re-allocate costs only for good cause stated in the record. Appellee maintains it is evident that she was the successful party, and that since no good cause was shown, appellant should bear all costs of trial. We disagree. Once again appellee's argument is dependent on our re-writing the court's judgment so that her $25,000 recovery is for damages only. Appellee was not the "successful" party in this suit. The court's judgment specifically denied all relief and damages sought by both parties. The court finalized the dissolution of the partnership by dividing the partnership assets. Appellant received all right to use of the partnership name and partnership assets, less appellee's interest of $25,-000. Therefore, neither party was successful. The court properly decreed that all cost would be borne by the party incurring the expense. Appellee's cross points are overruled.

Judgment affirmed.