LOUIS BICHON V. STATE.

No. 24788. May 31, 1950.
Rehearing Denied June 23, 1950.

*John J. Herrera,* Houston, and *King C. Haynie* (on appeal only) Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was given eight years in the penitentiary upon his conviction for sodomy.

The state introduced evidence which was positive, by a witness who was a policeman and who was directed to the room where appellant and his minor son were found engaged in the abominable conduct. Further discussion of the evidence will not be necessary.

There are no exceptions to the court's charge and we find nothing objectionable in it. Three bills of exception in the record are so qualified by the court that they would not, under any view, reflect error. We do not discuss these bills because they were filed too late and we are not permitted to do so under the statute.

We find no reversible error and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The last, or thirtieth, day of the statutory thirty-day period allowed appellant by Art. 760, C. C. P. within which to file his bills of exception expired on Sunday, January 8, 1950.

Appellant insists that, inasmuch as his bills of exception were filed on the next succeeding day, on Monday, January 9, 1950, they were filed within the time allowed and should be considered.

If this were a civil case, or if the rules of civil procedure as promulgated by our supreme court applied, no question would be presented as to the correctness of appellant's contention. See Rule 4, Texas Rules of Civil Procedure. The rules governing civil procedure, however, do not and cannot apply where there is a controlling criminal statute. Art. 760, C. C. P. gives to an appellant in a criminal case "thirty days after the day of adjournment of court" within which to file bills of exception in the trial court. In the event the term of court may continue by law more than eight weeks, then the bills of exception "shall be filed within thirty days after final judgment shall be rendered."

The term of court at which this conviction was had continued for more than eight weeks. The time above mentioned is referred to as the statutory time within which bills of exception may be filed.

It will be noted that provision is also made in Art. 760, C. C. P. for an extension of the statutory time, but this is only with the permission of the trial judge.

There is nothing in the statute indicating that the legislature intended to exclude Sunday from the thirty-day period. The

question, therefore, is whether Sunday should nevertheless be excluded.

In 3 Am. Jur., Sec. 423, p. 143, we find the rule stated as follows:

"Computation of Time.—As is true in the computation of time generally, in computing the time within which an appeal or error proceeding must be taken, the day on which the judgment or decree was rendered should be excluded, and at the last day of the specified period should be included.

"The view has been taken that in determining whether Sunday should be excluded or included in computing time for an appeal, if the time limited exceeds a week Sunday is included in the computation. For instance, when the last day falls on Sunday, it cannot be excluded and the proceedings taken on the following Monday unless there is some provision that it was the intention of the legislature that such day should be excluded. But if the time specified is less than a week, Sunday is excluded. . . . ."

The case of Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 33 S. W. 112, by the supreme court of this state, is cited as a supporting authority.

Also in 52 Am. Jur., Sec. 20, p. 346, it is said:

"Acts Required by Statute.—Although there is authority to the contrary, it is usually held that in computing the time within which an act required by any statute must be done, if the last day therefor falls on a Sunday, the time for the performance of the act is not extended to the Monday following, but the last day for performance is the preceding Saturday, in the absence of an express statutory provision to that effect or a manifest legislative intent to exclude Sunday. The same principle has been applied to holidays; hence, the fact that the first day of a term of court, until which time an appellant was allowed to file his bill of exceptions, fell on a public holiday has been held to afford no excuse for an appellant's failure to file his bill prior to that day."

The conclusion is expressed that the provisions of Art. 760, C. C. P. relative to the period of time do not exempt or exclude Sundays or holidays. Having reached that conclusion, our duty is clear, for we have neither the authority nor the inclination to refuse to follow and apply the statutory mandate of the legislature.

Appellant's bills of exception, not having been filed within the time required by law, cannot be considered by this court.

The motion for rehearing is overruled.

Opinion approved by the court.