## DAVID COLSTON HOWARD V. STATE.

No. 25752. March 19, 1952.

Hon. Dean Gauldin, Judge Presiding.

R. L. Wade & D. N. McMahan, and W. R. Sessions, all of Dallas, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault with a motor vehicle; the punishment, five months in jail and a fine of $35.00.

Mrs. Dormier testified that she and her little boy, the injured party herein, were walking along the side of an unpaved street without sidewalks at about dusk of the day charged in the information; that she noticed an old two-seated automobile driven by a man alone coming to meet them; that all of a sudden this automobile cut across the street toward them; that she screamed and ran, and when she looked back she saw the little boy in the air. Mrs. Dormier testified that the automobile did not stop; that she ran back to where her boy lay and found that he had sustained a broken leg and head injuries.

Mrs. Nelson, a resident of the neighborhood, testified that she was driving toward the store at the time in question; that she passed Mrs. Dormier and her son, and then met appellant, who also resided in the neighborhood, driving on his extreme side of the road; that, just as she passed him, he pulled over toward her side of the street; and, through the rear view mirror, she saw his car pass behind her and at the same time heard Mrs. Dormier scream. Mrs. Nelson stated that she did not know anyone had been hit and proceeded on to the store.

Mr. Whitley, also a resident of the neighborhood, testified that he heard a collision and saw an automobile dump the body of a little boy off the fender or bumper; that the automobile did not stop; and that he gave chase on foot and followed it until it turned in at appellant's home; he then returned to the scene of the accident and later reported what he had observed to police officers.

Officer Stringfellow, of the accident prevention bureau, testified that he arrived at the scene of the accident soon thereafter and made an investigation, which led him to appellant's home some 400 feet away, where he examined appellant's 1936 model automobile, found the radiator hot and a fresh dent in the left front fender, which dent was free from dirt and rust, showing that it had recently been made. The officer testified that someone in the house began to curse him and his fellow officers and that they went in and got appellant, who was highly intoxicated and who had to be taken to jail in his underclothes because he refused to dress himself. Other witnesses in the neighborhood had testified that they saw appellant when he arrived home and that he had staggered into the house.

Appellant did not testify but offered many witnesses, including his family, who contested the issue of appellant's intoxication on the occasion.

We find the evidence sufficient to support the conviction.

Appellant contends that the information is defective in that the complaint, upon which the information herein was based, is not sworn to as required by law, and the affiant to the complaint was not a credible person authorized to sign the same.

The complaint and information herein appear regular on their face.

In order to properly present this question for review, appellant must show that he proceeded in accordance with the controlling statutes in the court below.

Article 505, C. C. P., provides, in part:

"On the part of the defendant, the following are the only pleadings: * * *

"2. A special plea setting forth one or more facts as cause

why the defendant ought not to be tried upon the accusation presented against him. * * *"

Paragraph 2 above would cover appellant's contention herein.

Article 513, C. C. P., provides:

"All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing."

We find no written motion to quash the information in the record.

Article 523, C. C. P., provides:

"The court, at its discretion, may hear and determine such motions and exceptions at any time before a trial has been entered upon, *but not afterward.*" (Italics ours.)

The last above quoted article would preclude our consideration of the evidence adduced after the close of the state's case in chief.

Finding no reversible error, the judgment of the trial court is affirmed.