torney can agree to waive a Jury, the Court *must* appoint an Attorney to represent him."

 In Hernandez v. State, 138 Tex. Cr.R. 4, 133 S.W.2d 584, in discussing the above-quoted portion of the act, we said:

"This provision of the statute seems to be mandatory, and before a person charged with a felony can waive this valuable right of a trial by jury, provided he has no attorney representing him, we hold it is the duty of the trial court to appoint one for him. Such an appointment should have been made by the trial court."

The trial court should have granted appellant's motion for new trial.

The judgment is reversed and the cause remanded.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $250.

The State has filed a motion to strike the statement of facts and the bill of exception on the grounds that they were filed too late.

The motion for new trial was overruled on March 31, 1952.

The statement of facts and bill of exception were filed on June 30, 1952, and hence were filed too late.

For an exhaustive discussion of the identical fact situation here presented, attention is directed to Bichon v. State, Tex.Cr.App., 230 S.W.2d 812.

The State's motion is granted, and the judgment is affirmed.