ROY LEE SEALES V. STATE

No. 29,418. February 5, 1958.
Motion for Rehearing Overruled March 26, 1958.
Appellant's Second Motion for Rehearing Overruled.
(Without Written Opinion) April 23, 1958.

*Royce E. Ball* and *W. J. Martin,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, two years in jail and a fine of $500.00.

Notice of appeal was given on June 10, 1957, but the statement of facts and bills of exception were not filed in the trial court until September 9, which was after the expiration of the 90 days provided by Section 4, Article 759a, V.A.C.C.P., which precludes our consideration of the same.

All proceedings appearing regular and nothing being presented for review, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we should consider the statement of facts and bills of exception, although not filed within 90 days, because the ninetieth (90) day fell on Sunday. In Bichon v. State, 155 Texas Cr. Rep. 98, 230 S.W. 2d 812, it was held that in computing the time within which bills of exception should be filed a Sunday was not to be excluded even though it was the last day of the statutory period within which the bills could be filed.

Appellant further insists that the statement of facts and bills of exception should be considered because it was through no lack of diligence on his part that they were not filed within the time required. In support of his contention the affidavit of Honorable Edwin H. Boedeker is attached in which it is stated that while acting as special judge of the County Court at Law, in the absence of Honorable Robert Allen, the regular judge, the bills of exception and statement of facts were presented to him by appellant's counsel some two weeks prior to the expiration of the time for filing the same and since he had not tried the case and

did not know the facts he refused to approve them. He further states that his refusal was with the understanding that Judge Allen would return prior to the expiration of the time permitted for filing but that he did not realize that the ninetieth (90th) day fell on Sunday.

We do not construe the affidavit as being tantamount to a certificate by the trial judge that the delay in filing was through no fault or lack of diligence on the part of appellant but was the fault of the judge.

In presenting the instruments to the special judge for approval appellant was not exercising diligence. A special judge is not authorized to sign a statement of facts or bills of exception in a case tried by a regular judge. See 4 Texas Jur. par. 291, page 424.

The affidavit does not reflect that appellant used diligence to secure the agreement of the attorney representing the state to the statement of facts under the provisions of Section E of Art. 759a, V.A.C.C.P., or diligence to secure the signature and approval of Judge Allen, the regular judge, to the statement of facts and bills of exception. Under the record it is not shown, as urged by appellant, that the delay in filing was through no lack of diligence on his part.

The motion for rehearing is overruled.

Opinion Approved by the Court.