**Walter RILEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36696.**

Court of Criminal Appeals of Texas.

April 1, 1964.

Josephine Clements, Russell F. Wolters, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The complaint and information alleged that the appellant did "drive and operate a motor vehicle: to-wit, an automobile, on a public street and highway—while his Texas license as a commercial operator was then and there suspended, having been suspended under the provisions of Article 6687b, Sec. 24, of Vernon's Annotated Texas Civil Statutes."

Trial before the court on a plea of not guilty resulted in a judgment finding the appellant guilty and assessing his punishment at 5 days in jail and a fine of $50.

The evidence shown in the statement of facts reveals that on September 1, 1962, the appellant was driving an automobile on a public street in the City of Houston and was involved in a collision with a car driven by Minnie Bell. Police Officer L. Hoffman, Jr. investigated the collision and the appellant told him he had no driver's license.

Joe Dvorsky, hearing officer and Deputy Custodian of driving records for the Texas Department of Public Safety, produced the records as to the appellant which showed the most recent license was a commercial operator's license issued April 18, 1962. The records and the evidence show that such license was under suspension on September 1, 1962, by reason of a misdemeanor first offense D. W. I. conviction which became final on May 24, 1962.

The ground upon which reversal is sought is the contention that the trial court erred in overruling appellant's motion to quash the complaint.

The transcript contains no motion to quash the complaint or the information.

The complaint and information are regular on their face.

Art. 513, C.C.P. provides: "All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing."

In the absence of a motion in writing, any issue as to the *form* of the information is not before us for review. Howard v. State, 157 Tex.Cr.R. 114, 247 S.W.2d 112; Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W. 2d 362; Redding v. State, 166 Tex.Cr.R. 517, 316 S.W.2d 724.

If, despite the statute and the authorities cited, the claimed error in the overruling of the oral motion to quash is before us, the motion is without merit and the overruling thereof presents no error.

The judgment is affirmed.

McDONALD, Judge (concurring).

While appellant did not effectively get before us his contention, he did get before us by brief and oral argument the two cases in support of his position. The two cases relied upon by counsel and which he refers to as "landmark cases" are the well known "stomping" and "drowning" cases of Northern v. State, 150 Tex.Cr.R. 511, 203 S.W.2d 206 and Gragg v. State, 148 Tex.Cr.R. 267, 186 S.W.2d 243. In the Northern case this Court held that an indictment charging that the defendant killed deceased by kicking

and stomping her without charging that defendant stomped with his feet was fatally defective as failing to charge the means employed in commission of the offense. In the Gragg case it was held that an indictment charging that the defendant with malice killed another by then and there drowning her was defective as not alleging the manner and means used in accomplishing the drowning. Although this Court deviated from the holding in the Gragg case on rehearing and took the position and made it clear that its holding was grounded on the proposition that the defect in the indictment was in the State's failure to allege the overt act of drowning such as that the defendant held his wife's head under water or that he pushed her from a boat instead of as was alleged, that he killed her with malice by drowning her, this opinion, along with the opinion in Northern, supra, has not, to the writer's knowledge, been cited as authority to this Court since the two opinions were written in 1945 (Gragg) and 1947 (Northern). At this juncture, I should also like to observe that none of the present members of this Court were members of the Court at the time of rendition of these two decisions. Yet, this Court is still frequently criticized on account of these two cases and the Court still has them flaunted at it as expressing the philosophy of this Court. While the writer does not feel that a judge should be immune from criticism, and his acts should certainly not be based upon public approval or public disapproval, I do feel that this Court should at this time in this case take the opportunity of voicing its disapproval of these two decisions. While I might be criticized for *reaching out* and going out of my way to overrule the Northern and Gragg cases, supra, I think that it should be done and that this Court should do it in the majority opinion. To follow the holdings in these cases would cause an injustice today in favor of the defendant in so far as the rights of society or the efficiency of courts are concerned and would be a form of stare decisis neurosis on the part of this court.

It seems to me that just as this court *reached out* when these two decisions were written, that we should now *reach out* and overrule them. The two cases may never be cited again, and this Court will never follow them, I am sure, but in the interest of the jurisprudence of this state I think that the cases should be overruled.

I concur in the disposition of this case.