James H. QUARLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 38867.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

J. Charles Whitfield, Jr., Houston, for appellant.

Tom Kenyon, Dist. Atty., Angleton, Davis Grant, Gen. Counsel for State Bar, Austin, Ralph Gilbert, Member, Grievance Committee, A. R. Mason, Angleton, Past President, Brazoria County Bar Assn., and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is barratry; the punishment, a fine of $350.00 and 45 days in jail.

The evidence adduced by the State reveals that on June 22, 1964, the appellant appeared uninvited at the home of the wife of Joe Bill Wells and represented himself to her as an investigator. The appellant stated to Mrs. Wells that he wished to investigate the circumstances surrounding her husband's death which had been occasioned by the explosion of an oil well in Galveston County on June 14, 1964. The appellant also exhibited certain newspaper clippings depicting the recovery of large amounts of money as damages in similar cases and sought to have Mrs. Wells sign a paper authorizing him to investigate the case, to hire a lawyer of his own choosing to handle the case and to receive a fee of one-third of the damages recovered for the death of her husband. Mrs. Wells demurred and told appellant that she would have to talk with her father before she signed anything. Subsequently that day her father arrived at her home, and the three discussed the possibility of appellant's investigating the case. According to the father of Mrs. Wells, the appellant said that he could recover between $200,000 and $400,000 for the death, asked them to contact him if they decided to use his services, left his business card and departed.

It was also shown by the testimony of Mrs. Snyder, a friend of Mrs. Wells, that the appellant had come to her house the day after the death of Mrs. Wells' husband and had asked her to deliver his business card to Mrs. Wells because he did not want to

speak to her prior to the funeral of her husband.

The evidence reflected that until he appeared at Mrs. Wells' house on the day in question, neither she nor her father had ever seen the appellant before.

 We find the evidence sufficient to support the jury finding that appellant sought to obtain employment to collect the claim of Mrs. Wells for the death of her husband by means of personal solicitation of such employment.

 Appellant complains in oral argument of the trial court's failure to grant his oral motion to quash by which he alleged that the complaint is vague and that the information was not sworn to by the proper official. We find no motion to quash the information in the transcript. Article 513, Vernon's Ann.C.C.P. requires that all motions to set aside an indictment or information shall be in writing; therefore, such contention is not before us for review. Stecher v. State, Tex.Cr.App., 383 S.W.2d 594; Riley v. State, Tex.Cr.App., 379 S.W.2d 79; and Howard v. State, 157 Tex.Cr.R. 114, 247 S.W.2d 112.

 Appellant contends that error was committed by the trial court's exclusion of Mr. Davis Grant, General Counsel for the State Bar of Texas, from the rule requiring witnesses placed thereunder to be excluded from the courtroom during the examination of other witnesses. Appellant called Grant as a witness; the State did not, and we are at a loss to understand how appellant could be harmed by the failure of the trial court to exclude his own witness. Be that as it may, it has been the holding of this Court that the trial court may excuse attorneys from the application of the rule. Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677. We also note that the testimony adduced by Grant when he was called by the defense was unrelated to the facts divulged by the previous witnesses.

 The appellant also attempts to rely on Article 39.14, V.A.C.C.P. (1965) to support his oral motion for discovery. The trial of this case took place in July of 1965, long before the effective date of the new Code of Criminal Procedure. We find no error in the court's refusal to allow discovery of the documents in the file of the State's attorney.

 The final contention of appellant relates to the admission of evidence of a conviction for a prior act of barratry against the appellant in Nueces County where the modus operandi was similar to the instant case. The trial court allowed the admission of evidence for the sole purpose of proving system, and we are unable to agree that this action constituted reversible error. See Quarles v. State, Tex.Cr. App., 385 S.W.2d 395, cert. den. 82 S.Ct. 601, 368 U.S. 986, 7 L.Ed.2d 524.

We have examined appellant's remaining contentions and find no reversible error reflected thereby.

The judgment is affirmed.