Robert L. BARBEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41225.

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied July 10, 1968.

Second Rehearing Denied Oct. 16, 1968.

Phelps, Kilgarlin & Snell, by W. W. Kilgarlin, Houston, for appellant.

Ogden Bass, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is under Art. 430, Vernon's Ann.P.C., for the offense of barratry; the punishment, fifteen days in jail and a fine of $300.

The state moves to dismiss the appeal on the ground that notice of appeal was not given after pronouncement of sentence, as required by Art. 44.08(c) of the Code of Criminal Procedure.

The record reflects that notice of appeal was given on the same day that sentence was pronounced. In the absence of an affirmative showing to the contrary, as in Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854, relied upon by the state, it will be presumed that notice of appeal was given after sentence. Accordingly, the motion to dismiss is overruled.

It is further suggested that the appellate brief filed by appellant should not be considered because it was not timely filed pursuant to Art. 40.09–9 and this court's review should be limited to unassigned error under Art. 40.09–13, C.C.P.

The record reflects that the court entered an order extending the time for filing appellant's brief "to and including February 4, 1968." The date, February 4, was a Sunday and the brief was filed on February 5. The fact that the last day of the extension period fell on Sunday did not authorize a filing of the brief on the succeeding Monday, as it would under Rule 4, Texas Rules of Civil Procedure, in a civil case. Bichon v. State, 155 Tex.Cr.R. 98, 230 S.W.2d 812; Seales v. State, 166 Tex.Cr.R. 165, 311 S.W.2d 854.

We will consider as unassigned error under Sec. 13 of Art. 40.09, supra, the following, which should be reviewed in the interest of justice:

In four grounds of error appellant complains of the court's action in refusing to grant a mistrial or a continuance in order that he might secure an attorney to represent him, when, during the trial, he insisted that due to physical and emotional strain he was incapable of presenting his own defense in the cause.

The record reflects that the complaint and information were filed against appellant on January 23, 1967. Appellant was originally represented in the cause by counsel who filed certain motions on his behalf. The case was set for trial on May 17, 1967, and on such date appellant dismissed his attorney of record. The case was by the court reset for trial on July 17 for the purpose of allowing appellant to obtain counsel of his own choice. On

June 12, 1967, at a pre-trial hearing, the court cautioned appellant to obtain counsel and on June 30 discussed with appellant the fact that he had not secured counsel. At such time appellant advised the court that he was "not anywhere near a pauper" and therefore not qualified for a court-appointed attorney but that he had been unable to hire counsel of his own choice.

On July 18, the case proceeded to trial, with appellant representing himself. On Thursday, July 20, the court, upon receipt of a note from Dr. Wm. C. Holt, recessed the case until the following Monday, July 24. On Monday the court recessed the case until the following day, July 25. On July 25, when court convened, appellant then made his motion for mistrial or for a continuance to enable him to obtain counsel, on the ground that he was not physically able to continue as his own counsel.

At the hearing, Dr. Holt testified that he saw appellant on Thursday, July 20, and concluded he was very tired—probably as a result of emotional and physical strain—and wrote a note to that effect.

Dr. J. Zatorski testified that he admitted appellant to his hospital in Houston on Saturday, July 22, with complaints of indigestion and pain the shoulder. X-rays of the chest were normal but that of the neck showed some arthritis. The doctor stated that he was aware of appellant's history of stomach ulcers but was unable to say that his physical and mental condition would be impaired by continuing as his own counsel in the case. He also expressed the opinion that appellant did not need to be in a hospital and that his ulcer would not necessarily heal up better in a hospital.

At the conclusion of such hearing, the court overruled appellant's renewed motion for a mistrial, or, in the alternative, for a continuance.

■ We perceive no error. Appellant was not indigent and entitled to the appointment of counsel, under the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, even had he been charged with a felony. Nor, for the same reason, was he entitled to the appointment of counsel, under Art. 26.04, C.C.P., in a misdemeanor case. McClendon v. State, Tex.Cr.App., 407 S.W.2d 778. Under the facts and circumstances, the court did not err in refusing to grant a mistrial or a continuance.

In his eighth and ninth grounds of error appellant insists that the court erred in refusing to grant his motion for an instructed verdict of not guilty at the conclusion of the state's evidence and also erred in refusing to grant a new trial because "there was insufficient evidence to support the verdict of the jury."

■ While this court does not ordinarily consider the question of sufficiency of the evidence to support a conviction as unassigned error under Sec. 13 of Art. 40.09, supra, we will do so, in view of appellant's claim that, assuming he did "willfully instigate, excite and encourage" Juanita O'Neal to bring a lawsuit against Dow Chemical Company there was *no* evidence that such was done for his profit or for the purpose of distressing or harassing Dow Chemical Company.

■ At the trial, the prosecuting witness Juanita Marie O'Neal testified that about a week after her husband's death in an explosion at Dow Chemical Company the appellant came to her home, uninvited, and talked to her. In the conversation appellant, while talking to her about her husband's death, said that:

"* * * I should contact a lawyer. He was telling me that when you have surgery you have a specialist and this law firm in Houston, they are specialists, and therefore, I should contact them. He told me he was an investigator and I should allow him to investigate this because they were responsible for my husband's death * * *."

She testified that in such conversation appellant gave her a business card and wrote on the card a telephone number of the law firm and also another number

where he could be reached. She stated that after several hours appellant left and in about thirty minutes returned and

"* * * he started talking about how I should hire this law firm to file a suit against Dow."

In the second conversation, appellant told the witness

"* * * that I should hire him to investigate this explosion * * * that we were entitled to anything that we could get and that Dow should pay for this."

The following morning the appellant called the witness and asked her to hire him to "investigate this explosion," and asked her if she had decided "to use this law firm in Houston."

The evidence is sufficient to support the conviction, under the cases of Quarles v. State, Tex.Cr.App., 398 S.W.2d 935, and Quarles v. State Bar of Texas (Tex.Civ. App., 1958), 316 S.W.2d 797.

We do not agree that, because the complaining witness testified on cross-examination she did not know if appellant was soliciting her to file a claim so that *he might profit therefrom* there was *no* evidence that he was encouraging her to bring the claim for his own profit. Nor do we agree that there was *no* evidence to support the allegations that his acts were with the intent to distress and harass the Dow Chemical Company.

The judgment is affirmed.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ Since its effective date, September 1, 1967, the Code Construction Act adopted by the 60th Legislature (Acts 1967, p. 1036, Ch. 455, now Art. 5429b–2 V.A.C. S.) is applicable to "each amendment, repeal, revision and reenactment" of any provision of the Code of Criminal Procedure enacted by the 60th or any subsequent Legislature.

Among the provisions of said Code amended, revised or reenacted by the 60th Legislature are Sections 6(a), 7 and 12 of Art. 40.09 which relates to the record on appeal.[1]

Other provisions of the 1965 Code of Criminal Procedure containing provisions for time for some act to be performed were amended, revised or reenacted by the 60th Legislature. These include Art. 11.07 and Art. 18.30 V.A.C.C.P.

Provisions of the 1965 Code which will no doubt be amended or revised in the near future include Articles 44.13 and 44.-16 which relate to appeals from the Corporation or Justice Court to the County Court or County Court at Law and require the appeal bond to be filed within 10 days after "sentence." See Davis v. State, Tex.Cr. App., 430 S.W.2d 217, this day decided.

The rule for computing the period of days allowed by the provision of the 1965 Code of Criminal Procedure amended by the 60th Legislature is now found in Section 2.04 of Art. 5429b–2, V.A.C.S., which reads:

"(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."

The rule is similar and to the same effect as Rule 4, Texas Rules of Civil Pro-

1. Sec. 6(a) relates to bills of exception and contains provisions for time allowed for filing, approving, qualifying or disapproving and for filing bystanders bills.
   Sec. 7 contains a period of time for presenting objections in writing to the trial judge regarding the record.
   Sec. 12 contains a time limit for the court to decide from the brief whether to grant a new trial.

cedure as amended in 1961, and contrary to the rule followed by this court in Bichon v. State, 155 Tex.Cr.R. 98, 230 S.W.2d 812, and Seales v. State, 166 Tex.Cr.R. 165, 311 S.W.2d 854.

Art. 5429b–2 V.A.C.S. and Rule 4, Texas Rules of Civil Procedure, furnish a more reasonable rule for computing a period of time for taking or perfecting an appeal in a criminal case, and uniformity in civil and criminal procedure is desirable.

Lawyers who have heretofore confined their practice to civil matters are now being called upon to serve as counsel in criminal cases; and there is no reason why judges, court clerks and lawyers should not enjoy the benefits of a five day week to the same extent, whether their duties relate to a criminal case or to a civil proceeding.

While it is true that Art. 5429b–2, supra, was not in effect when this case was tried, and Section 9 of Art. 40.09 V.A.C.C.P. relating to the filing of briefs has not been amended, this court has authority to re-examine its prior holdings in the light of the statute and to abandon the rule whereby a terminal Sunday or legal holiday may not be excluded in computing the time allowed by the 1965 Code of Criminal Procedure for an act to be done, though terminal Saturdays as well as Sundays and legal holidays will be excluded in computing time allowed if the statute is amended or reenacted.

■ The rule followed in Bichon v. State, supra, is doomed. It can no longer be applied in all criminal cases. It has been rejected by the Supreme Court and now by the Legislature in favor of a more reasonable rule. It should not end piecemeal, and is now abandoned in all criminal proceedings, especially those which relate to taking and perfecting an appeal. (Art. 40.09 V.A.C.C.P.)

All grounds of error set forth in appellant's brief should be considered.

In three grounds of error appellant complains of the court's refusal to continue the case until a witness, Kenneth Ford, appeared to testify and in excusing the witness Robert Bing, who had been subpoenaed by appellant.

■ The record reflects that the motion to continue the case because of the absence of the witness Ford was orally made to the court, on the ninth day of the trial, after six witnesses called by appellant had testified. In the motion, appellant conceded that Ford had not been served with a subpoena. The motion—which was, in fact, a subsequent motion—did not comply with the requirements of Arts. 29.03, 29.06, 29.07, and 29.08, C.C.P. Nor were the facts stated in the motion sufficient to require a continuance after trial had begun, under the provisions of Art. 29.13, C.C.P. Not having been served with a subpoena, the witness Ford was not subject to attachment, as urged by appellant. Art. 24.22 C.C.P.

■ No error is perceived in the court's refusal to permit appellant to call his wife, who had been in the courtroom and heard testimony, to testify in support of his bill of exception as to the materiality of Ford's testimony.

■ Nor do we perceive any error by the court's action in excusing the witness Bing, after he was called out of order—because he had to go to a hospital—and was tendered to appellant for direct examination, which was declined. Bowers v. State, 155 Tex.Cr.R. 401, 235 S.W.2d 449.

The grounds of error are overruled.

■ In his tenth ground of error, appellant insists that the court erred in not granting a change of venue after voir dire examination of the jury panel, or, in the alternative, that the court erred in overruling his motion to quash the jury panel.

Appellant concedes that his motion for change of venue was not properly sup-

ported by affidavits, as required by Art. 31.03 C.C.P., but insists that the venue should have been changed on the court's own motion, under the provisions of Art. 31.01 C.C.P.

We have examined the record and find no error in the failure to change venue. Nor did the court err in refusing appellant's oral motion to quash the jury panel.

We overrule the appellant's ground of error No. 11, which contends that the court erred in overruling his motion for new trial because the court's conduct toward him was such as to prejudice the jury against him and deny him a fair trial. An examination of the record does not sustain appellant's contention but reveals that the trial judge was fair and lenient with the appellant, a layman who was representing himself.

In his twelfth and thirteenth grounds of error, appellant complains of the court's action in sustaining certain state's motions in limine and in excluding from the jury portions of the testimony of the complainant, Juanita Marie O'Neal.

The record reflects that six motions in limine were filed by the state requesting that the court instruct the appellant not to make mention or reference during the trial in the jury's presence to certain matters without first establishing the relevancy, materiality, and admissibility of the same, to the court's satisfaction, out of the presence of the jury. Some of the motions pertained to a civil suit filed by the complainant, Juanita Marie O'Neal, to her retention of counsel, and to conversations and communications between her and attorneys. The motions were filed and granted on the first day of the trial.

We find no merit in appellant's contention that Art. 28.01 V.A.C.C.P. prohibits the filing and granting of motions in limine on behalf of the state at the time and in the manner as these in question.

While, as pointed out in Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, an accused is entitled to five days notice under Art. 28.01, supra, of the setting of certain designated motions for a pre-trial hearing, the court's action in granting the motion in the instant case without such notice does not call for a reversal of the conviction. Such action by the court did not deprive appellant of his right to introduce at the trial legal and competent evidence. Cf. Sonderup v. State, Tex.Cr.App., 418 S.W. 2d 807.

We also perceive no error in the court's refusal to permit appellant to elicit testimony from the complainant, Mrs. O'Neal, before the jury, with reference to guardianship of the minor children of her deceased husband and her dealings with another attorney after the death of her husband.

The exclusion of testimony given by the complainant, in the jury's absence, on a bill of exception to the effect that because she was emotionally upset she could have been mistaken about a second visit appellant purportedly made to her home presents no error, as appellant was later permitted to question her before the jury with reference to the dates she testified he came to her home and to elicit from her testimony to the effect that it was possible she was in error about a visit after a certain date.

The grounds of error are overruled.

We overrule appellant's fourteenth ground of error, which complains of the testimony of Deputy Sheriff De Sham and Justice of the Peace Thomas with reference to their identification of the complainant's husband by certain fingerprints and a wedding band on his finger. This testimony was admissible to identify the person killed in the explosion as James Knox O'Neal, the husband of the complainant.

By his fifteenth ground of error, appellant complains of the court's action in

quashing certain subpoenas to take depositions which had been issued at appellant's request.

We perceive no error, as the subpoenas appear to have been issued without a hearing and order of the court, as required by Arts. 39.02 and 39.03, C.C.P. Martin v. State, Tex.Cr.App., 422 S.W.2d 731.

Appellant's remaining ground of error, contending that the barratry statute, Art. 430 P.C., is unconstitutional because it imposes a limitation on the right of free speech, is overruled.

We remain convinced that the grounds of error considered in our original opinion were properly disposed of.

Appellant's motion for rehearing is overruled.