COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                      | §  |                           |
| -------------------- | -- | ------------------------- |
| ALFONSO ORTIZ,       |    | No. 08-09-00148-CR        |
|                      | §  |                           |
| Appellant,           |    | Appeal from the           |
|                      | §  |                           |
| V.                   |    | 384th District Court      |
|                      | §  |                           |
| THE STATE OF TEXAS,  |    | of El Paso County, Texas  |
|                      | §  |                           |
| Appellee.            |    | (TC# 20070D03068)         |
|                      | §  |                           |
|                      | §  |                           |

**O P I N I O N**

Alfonso Ortiz appeals his conviction for the offense of family-violence assault, enhanced. Appellant was sentenced by the court to 25 years' imprisonment. On appeal, Appellant raises two issues for our review. In Issue One, Appellant contends the indictment failed to provide him with adequate notice of the charges against him, and thus violated his due process rights. In Issue Two, Appellant asserts the evidence was factually insufficient to support his conviction.

During the early morning hours of May 27, 2007, on his route as an El Paso Times newspaper carrier, Mr. Edward Gallardo, Jr. heard loud screaming coming from the Quality Food Mart on Piedras Street. He called 911. Around 2:30 a.m., Officer Michael Collaso responded to the call. Looking for the 911 caller, the officer heard a woman screaming and then heard someone call: "Help me, somebody help me." Officer Collaso followed the voice that came from an apartment complex near the Quality Food Mart. He had knocked on a security door leading to the apartments, and announced that he was a police officer, when he heard a woman scream:

"Apartment Number Two." Officer Collaso kept knocking on the door and yelling for someone to open the door. After Sergeant Haddad arrived on the scene to assist, an unknown person opened the security door, and Officer Collaso went directly to apartment number two. Officer Collaso again heard screams coming from inside the apartment, and he threatened to kick the door in if the occupants did not open it. Appellant eventually opened the door, and the two officers pulled him out of the apartment and patted him down. While Appellant stayed outside of the apartment with Sergeant Haddad, Officer Collaso entered into the apartment and observed that the only person inside was Dorothy Aguilera. Officer Collaso eventually arrested Appellant.

Appellant was subsequently charged by indictment with two counts of family-violence assault, both enhanced as third-degree felonies, because of prior convictions for family-violence assault.[1] After a jury trial, Appellant was convicted of the charged offense. Finding both enhancement paragraphs to be true, the trial court sentenced Appellant to twenty-five years' imprisonment.[2] Appellant filed a motion for new trial on April 29, 2009, and then filed a notice of appeal on May 21, 2009.

In Issue One, Appellant argues the indictment failed to provide him adequate notice that he was charged with family-violence assault because the indictment failed to allege all the necessary elements to prove family-violence assault. Specifically, he argues the indictment failed

[1] At trial, Ms. Aguilera testified she executed a non-prosecution affidavit because she did not want Appellant to go to jail. According to Ms. Aguilera, even though she and Appellant were legally married to other people, they loved each other and had a son together.

[2] We note that the written judgment reflects that the jury assessed punishment, and the plea and findings as to the second enhancement paragraph are marked "N/A." However, these are contrary to the record. Thus, we reform the clerical errors in the written judgment to reflect that the trial court assessed punishment, that Appellant pled true to the second enhancement paragraph as alleged in the indictment, and that the trial court found the same to be true.

to allege that the victim, Ms. Aguilera, was a family member, a member of Appellant's household, or was dating Appellant. He claims this indictment was "constitutionally defective" because it did not provide him "adequate, specific notice . . . of precisely the charges against him as required by due process mandates of the United States and Texas Constitutions." Finally, he asserts this lack of notice caused him harm.

Failure to allege an element of the offense in an indictment or information is a defect of substance, which can be waived under TEX.CODE CRIM.PROC.ANN. art. 1.14(b)(Vernon 2005). As long as the charging instrument charges "the commission of an offense," it is not fundamentally defective even if it fails to allege an element of the offense. *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex.Crim.App. 1997); *Rodriguez v. State*, 90 S.W.3d 340, 359 (Tex.App.-- El Paso 2001, pet. ref'd). An indictment will suffice if it charges a crime with enough clarity and specificity to identify the penal statute which the State intends to utilize, even if the instrument is otherwise defective. *Rodriguez*, 90 S.W.3d at 359.

We first note that Appellant asserts complaints on appeal not specifically raised at trial. In the present case, Appellant made no mention of the indictment's failure to provide him adequate notice of the charges against him. At trial, Appellant's counsel merely stated:

> Okay, first a couple of housekeeping chores. We're looking to see if, number one, if we can quash the indictment. I believe the State is arguing it is an assault family violence. I don't believe they have alleged it as such in the indictment. I believe it is alleged as assault causing bodily injury.

Because Appellant never asserted that he did not know the nature of the charge was family-violence assault, and he did not object to the indictment based on constitutional grounds at trial, he cannot complain on appeal that the indictment failed to provide him adequate notice of

his charge. *See* TEX.R.APP.P. 33.1(a)(stating that the record must show that the complaint was made to the trial court by timely request, objection, or motion that states grounds with sufficient specificity). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).

Even if we conclude that Appellant raised the complaint with respect to inadequate notice of his charged offense at trial, he nevertheless waived such an objection because his motion was untimely. Texas Code of Criminal Procedure article 1.14(b) provides in pertinent part:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b).

Because Appellant made an oral objection to quash the indictment on April 13, 2009, the day of the trial, he waived and forfeited his right to complain of any defects regarding the indictment, including the enhancement allegation.[3] *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(b); *Rodriguez*, 90 S.W.3d at 359. Even constitutional rights can be waived by failing to properly object in a timely manner. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex.Crim.App. 2002). Finally, an oral motion to quash, such as the one made by Appellant in this case, is inadequate and preserves nothing for review. *See Quarles v. State*, 398 S.W.2d 935, 937 (Tex.Crim.App. 1966) (all motions to set aside an indictment or information shall be in writing; an oral motion preserves nothing on appeal). Accordingly, Issue One is overruled.

---

[3] Not only did Appellant not make a timely objection to the indictment, he did not obtain a ruling on the motion to quash.

In Issue Two, Appellant contends the evidence is factually insufficient to support his conviction of enhanced family-violence assault. However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia*, legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue Two as a challenge to the legal sufficiency of the evidence. *See id.*

A legal sufficiency review requires the appellate court to determine whether, considering all of the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 3789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

Appellant argues there was an abundance of evidence presented at trial to show that Ms. Aguilera struck him first, and no evidence that Appellant was the initial aggressor. He contends the evidence supporting his self-defense claim "abundantly outweighed" any evidence of guilt.

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. TEX.PEN.CODE ANN. § 9.31(a)(Vernon Supp. 2010). The defendant has the initial burden to produce some evidence to support a self-defense claim. *Zuliani v. State*, 97

S.W.3d 589, 594-95 (Tex.Crim.App. 2003). Once the defense is raised, the State then has the burden of persuasion to disprove it. *Id*. The burden of persuasion is not one that requires the production of evidence; rather, it requires only that the State prove its case beyond a reasonable doubt. *Id*. The issue of self-defense is a fact issue to be determined by the jury, which is free to accept or reject any defensive evidence on the issue. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). When a jury finds the defendant guilty, there is an implicit finding against the defensive theory. *Zuliani*, 97 S.W.3d at 594.

Viewing the evidence in a light favorable to the verdict, the evidence shows Appellant pushed and punched Ms. Aguilera. At trial, Ms. Aguilera testified they started arguing after they returned to her apartment from a bar around 2 a.m. She testified she grabbed Appellant by his neck and scratched him during their argument. Appellant responded by pushing her. Ms. Aguilera then slapped Appellant in the face, and Appellant responded by punching her three times. Appellant's actions resulted in Ms. Aguilera having a busted lip, a swollen eye, and a swollen and bloody nose. In sum, viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to prove family-violence assault because a rational jury could have found against Appellant on the self-defense issue beyond a reasonable doubt. Accordingly, Issue Two is overruled.

Having overruled Appellant's issues raised for review, we affirm the trial court's judgment as reformed.


January 12, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J. (Not Participating)

(Do Not Publish)