

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00156-CR

———————————————

RANDY ANTONIO ESTRADA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1623198D

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In this appeal, appellant Randy Antonio Estrada contends that after a Texas detainer was lodged against him while he was incarcerated in Ohio, the State failed to try him within 180 days from its receipt of Estrada's request for final disposition of the Texas charges. In short, Estrada argues that his indecency-with-a-child convictions must be reversed and the indictment dismissed because the State did not comply with the Interstate Agreement on Detainers Act (the IADA). But because we conclude that Estrada waived his complaint by failing to object to the trial date, that the period was extended because the final day of the 180-day period fell on a Sunday, and that the trial court was empowered to sua sponte grant a one-day extension, we affirm the trial court's judgments.

## I. THE IADA

The IADA, a congressionally sanctioned compact between the federal government and all joining states, sets out the cooperative procedures between the joining states to be used when one state is seeking to try a prisoner who is currently imprisoned in another state. *State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009); *Celestine v. State*, 356 S.W.3d 502, 505–06 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Its purpose is to "encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Tex. Code Crim. Proc. Ann. art. 51.14, I. We must liberally construe the IADA to effectuate this purpose.

*See id.* IX(a). Because it is a congressionally sanctioned compact, the IADA's interpretation is subject to federal construction. *See Carchman v. Nash*, 473 U.S. 716, 719, 105 S. Ct. 3401, 3403 (1985); *Celestine*, 356 S.W.3d at 505.

Pursuant to the IADA, once a detainer is lodged against a prisoner, the prisoner may make a request for final disposition of the charges to the prosecuting official. Tex. Code Crim. Proc. Ann. art. 51.14, III(a). The date the prosecuting official receives the request triggers a 180-day deadline by which the prisoner must be brought to trial. *Id.* The trial court may continue this deadline for good cause. *Id.* The 180-day period is also tolled "whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." *Id.* VI(a). If the prisoner is not tried by the IADA deadline, taking into account continuances and tolling, the trial court must dismiss the charging instrument with prejudice. *Id.* III(d).

## II. BACKGROUND FACTS

### A. TEXAS DETAINER AND ESTRADA'S FINAL-DISPOSITION REQUEST

On December 12, 2019, Estrada was charged in a complaint with two counts of aggravated sexual assault of a child younger than 14. A magistrate issued an arrest warrant that same day. Because Estrada was in custody in Ohio at the time, the Tarrant County Sheriff lodged a detainer against Estrada.[1] *See id.* III(a). The State

---

[1]Although the detainer is not in the appellate record, no party disputes that one was lodged.

3

received Estrada's resulting final-disposition request on January 23, 2020. *See id.* Accordingly, the State was required to bring Estrada to trial 180 days later—by July 21, 2020. *See id.*

On March 12, a grand jury indicted Estrada with three counts of aggravated sexual assault of a child younger than 14 and with three counts of indecency with a child by contact.[2] That same day, all jury trials scheduled to begin in Tarrant County on March 16 or later were canceled due to the COVID-19 pandemic.

## B. ESTRADA CONSENTS TO CONTINUE TRIAL DATE AND TRIAL COURT GRANTS GOOD-CAUSE EXTENSION

On May 26, the Texas Supreme Court issued an emergency order restricting most jury proceedings until August 1 based on the pandemic. *See* Tex. Sup. Ct., *Seventeenth Emer. Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9071 (May 26, 2020). A jury proceeding could be held, however, if the court submitted an operating plan to the Office of Court Administration and if all parties consented. *See id.* On May 27, Estrada was transported to Tarrant County from Ohio.

---

[2]The indictment was amended the next day, but the charges were similar.

4

On June 8, Estrada agreed to pass his June 10 trial setting and to continue the case until July 22.[3] Shortly thereafter, Estrada filed his consent to a jury trial before August 1, as provided in the Seventeenth Emergency Order.

On June 15, the State filed a motion to continue the July 22 trial date, declining to consent to a trial before August 1 and requesting that trial be continued "to a time when social distancing requirements have been relaxed." On June 29, the Texas Supreme Court issued an emergency order extending the jury-proceedings restriction until September 1. *See* Tex. Sup. Ct., *Eighteenth Emer. Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9080 (June 29, 2020). This was later extended to October 1 and, again, to December 1. *See* Tex. Sup. Ct., *Twenty-Second Emerg. Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9095 (Aug. 6, 2020); Tex. Sup. Ct., *Twenty-Sixth Emerg. Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9112 (Sept. 18, 2020).

On July 13, the trial court granted the State's motion and continued the trial "to a date after September 1, 2020[,] when the safety of all involved can be protected." *See* Tex. Code Crim. Proc. Ann. art. 51.14, III(a). Although the trial court specified at the hearing that the extension was granted until September 14, at which time the trial court would "reassess whether we have jurors," the written order was not as date specific. Because the order did not relate to sentencing, the written order controlled.

---

[3]This consent is not in the record; however, Estrada concedes that he consented to this continuance.

5

*Compare Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980) ("The written order of the court controls over an oral announcement."), *with Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (recognizing oral pronouncement of sentence controls if it varies from written judgment of conviction because oral pronouncement is the appealable event triggering appellate timetable).

### C. FIRST MOTION TO DISMISS INDICTMENT

Shortly after July 21, Estrada filed a motion to dismiss the indictment, arguing that the State had created the delay by refusing to consent to a jury trial and, therefore, could not show tolling of or good cause to extend the deadline. *See* Tex. Code Crim. Proc. Ann. art. 51.14, III(d). After a September 11 hearing on the motion, at which the trial court recognized that no jury trials had been conducted since Estrada had been transported to Tarrant County and that it was uncertain when they would resume, the trial court granted Estrada's motion and dismissed the indictment without prejudice. The State filed a motion to reconsider, pointing out that the IADA contemplates only dismissal with prejudice and that the IADA provided for good-cause extensions of its deadline. The trial court then reversed course, granted the State's motion to reconsider, and denied Estrada's motion. *See id.* III(a), (d).

In its September 11 findings and conclusions, the trial court (1) noted the logistical issues occasioned by the pandemic, (2) stated that it was preparing a plan for approval that would allow a jury trial for Estrada, and (3) concluded that the IADA deadline had been tolled by Estrada's consent, the court's July 13 good-cause

extension, and the pandemic that rendered Estrada "unable to stand trial." *Id.* at VI(a)

(providing tolling of IADA deadline during time prisoner is unable to stand trial).

The trial court explained these tolling periods in its findings:

- The 180-day period would have expired on July 21, 2020.

- The 180-day period was tolled for 33 days based on Estrada's June 8 consent to move his June 10 trial to July 13.

- The 180-day period was tolled for an additional 63 days based on the trial court's good-cause continuance from July 13 to "at least September 14."[4]

- The 96 days' tolling extended the 180-day period from July 21, 2020, to Sunday, October 25, 2020.

- Additionally, the 180-day period would be tolled "for as long as [Estrada] is unable to stand trial," which included any time before the regional presiding judge approved the trial court's plan for Estrada's trial.

### D. A PLAN FOR ESTRADA'S TRIAL

On October 8, the regional presiding judge approved a general operating plan

for jury trials in Tarrant County. Four days later, the trial court submitted a plan to

the local administrative judge for approval, seeking to begin Estrada's trial on

October 26. The trial court noted in its plan that any objection to "proceeding with a

jury proceeding" must be raised at least seven days before the start of trial—no later

than October 19.

---

[4]Again, the trial court's July 13 continuance order had not included the September 14 date, but the trial court included the date in its findings.

On October 15 at a pretrial hearing, the trial court discussed the start date for trial: "And then just so that we are clear on the record, . . . it's my understanding that we are beginning jury selection on Monday, October 26th . . . ." Estrada voiced no objection to the date at that time and later in the hearing expressly stated his approval: "I'll put on the record that as far as proceeding under this jury trial plan, the defense has no objections." That same day, Estrada filed an election to have the jury assess his punishment if convicted. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b). On Friday, October 23, the local administrative judge approved the trial court's plan for Estrada's trial.

### E. SECOND MOTION TO DISMISS INDICTMENT

On October 26, the first day of Estrada's scheduled trial, Estrada filed a second motion to dismiss under the IADA. This time, Estrada argued that he was entitled to dismissal because the deadline had expired on Sunday, October 25, and because the State had not asked for a further extension. At the hearing on his motion, Estrada recognized that "good cause does exist to toll the IADA," but asserted that a good-cause extension to October 26 could not be done sua sponte by the trial court. The State pointed out that the trial court, when granting the continuance on July 13, had specifically stated it would have to reassess the availability of jury venires in September and that the trial court had found that the IADA deadline was tolled for as long as Estrada was unable to stand trial under the Texas Supreme Court's emergency orders. The trial court found that until the trial plan had been approved on Friday,

October 23, the IADA had been tolled based on this good cause; thus, "today, Monday, October 26th, would be the first date upon which we are able to go to trial." The trial court denied Estrada's second motion.

### F. CONVICTIONS AND APPEAL

A jury acquitted Estrada of the three charged counts of aggravated sexual assault of a child but found him guilty of the three charged counts of indecency with a child. *See* Tex. Penal Code Ann. §§ 22.021, 21.11. The jury then assessed his punishment at 20 years' confinement on each indecency count, which the trial court ordered to run concurrently. *See* Tex. Penal Code Ann. § 3.03(a). Estrada now appeals and argues that because the IADA deadline expired on October 25, because his trial did not start on that date, and because there had been no other tolling events, the indictment should have been dismissed on October 26. Estrada does not challenge the trial court's July 13 continuance or the denial of his first motion to dismiss and in fact concedes that the IADA's 180-day requirement was tolled until October 25, 2020.

We review the trial court's denial of Estrada's motion to dismiss for an abuse of discretion; any legal questions implicated by the trial court's denial are reviewed de novo and factual findings are reviewed for clear error. *See Lasker v. State*, 577 S.W.3d 583, 589 (Tex. App.—Houston [1st Dist.]), *pet. ref'd*, 586 S.W.3d 408 (2019).

9

## III. DENIAL OF SECOND MOTION TO DISMISS WAS WITHIN THE TRIAL COURT'S DISCRETION

We conclude that the timing of Estrada's trial did not run afoul of the IADA deadline for three independent reasons.

First, Estrada waived his IADA complaint. At the October 15 pretrial hearing, Estrada stated that he had no objection to the trial court's plan to begin trial on October 26. Estrada filed no objection to the trial date by the trial court's October 19 deadline for such objections. Instead, Estrada waited until the deadline had expired and raised the issue on the first day of trial. Estrada's affirmative consent to an October 26 trial date and his failure to otherwise object operate as a waiver of the complaint. *See New York v. Hill*, 528 U.S. 110, 114–15, 118, 120 S. Ct. 659, 663–64, 666 (2000).

Second, the IADA deadline was automatically extended to Monday, October 26. October 25—the date Estrada asserts was the end of the IADA time period—fell on a Sunday. Statutory deadlines that fall on a Saturday, Sunday, or legal holiday are automatically extended to the next day that is not a Saturday, Sunday or legal holiday. *See* Fed. R. Crim. P. 45(a)(1)(C); Tex. Gov't Code Ann. § 311.014(b). This rule applies to deadlines included in the Code of Criminal Procedure. *See* Tex. Gov't Code Ann. § 311.002(1); *Barbee v. State*, 432 S.W.2d 78, 82–83 (Tex. Crim. App. 1968) (op. on reh'g). Thus, the Sunday, October 25 IADA deadline was extended to Monday, October 26.

Third, the trial court was empowered to grant a good-cause, one-day extension even in the absence of a continuance motion. The IADA imposes four requirements for a continuance: (1) "for good cause shown in open court," (2) "the prisoner or his counsel being present," (3) "the court having jurisdiction of the matter," and (4) "may grant any necessary or reasonable continuance." Tex. Code Crim. Proc. Ann. art. 51.14, III(a). Estrada contends that the trial court could not sua sponte continue the trial to October 26 because no *party* affirmatively showed good cause. But the plain language of the IADA makes no such limitation. *See Birdwell v. Skeen*, 983 F.2d 1332, 1341 n.23 (5th Cir. 1993) (recognizing trial court can sua sponte grant reasonable or necessary continuance if prisoner or his counsel are present and good cause exists, which would extend the 180-day period). And, in open court with Estrada and his attorney present, good cause was shown here in the October 23 approval of the trial plan, which was required by the Texas Supreme Court's emergency orders before a trial could commence, and also the unprecedented pandemic-related circumstances.

## IV. CONCLUSION

Any and all of these three reasons show that the trial court did not abuse its discretion by denying Estrada's second motion for continuance. A contrary conclusion would ignore Estrada's waiver, the automatic extension of deadlines falling on a Sunday, the good cause shown in this case arising from the COVID-19 pandemic, and the purpose of the IADA to promote the expeditious and orderly

11

disposition of the charges brought against Estrada. We overrule Estrada's appellate arguments and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 5, 2022